IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRISTY LAW, QUINCY BULLARD, JOHN HALL, FRANCES PERRY, RITA LEE on behalf of themselves and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN CAPITAL STRATEGIES, LTD.,<br><br>Defendant. | Case No.: 3:05-0836 (Echols)<br>(Middle District of Tennessee)<br>Miscellaneous File Number<br><br>Miscellaneous Action on a Rule 45 Subpoena in a Civil Case<br><br>Civil Action No. 06-MC-161 |

### MOTION FOR TRANSFERAL TO BANKRUPTCY COURT OF MISCELLANEOUS CIVIL ACTION ON A RULE 45 SUBPOENA

Pachulski Stang Ziehl Young Jones & Weintraub LLP ("PSZYJW") hereby requests that the above-referenced miscellaneous action (the "Action," Civil Action No. 06-MC-161) be transferred to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in accordance with 28 U.S.C. § 157(a) and referred to the Honorable Kevin J. Carey in connection with In re S-Tran Holdings, Inc., et al., Del. Bank. 05-11391(KJC) ("the "Bankruptcy Case"). In furtherance of the motion, PSZYJW represents as follows:

#### Preliminary Statement

1. As described more fully in the Motion By Nonparty for Protective Order Relating to Subpoena (the "Motion") by which PSZYJW commenced the Action, on August 15, 2006, counsel for Plaintiffs issued a subpoena out of the United States District Court for the District of Delaware directed to and served upon PSZYJW. The subpoena seeks production of several categories of communications from PSZYJW, including communications between PSZYJW and

80960-001\DOCS_DE:120912.2

its client, debtor Service Transport, Inc. The subpoena is overbroad, burdensome, and oppressive, and certain requests in it further implicate the attorney-client and work-product privileges.[1]

2.  As detailed below, the Action and the Motion are necessarily related to the Bankruptcy Case, which has been pending before the Bankruptcy Court for more than fifteen months, because they implicate a claim pending in the Bankruptcy Case as well as the administration of the Bankruptcy Case and the assets of the debtors in the Bankruptcy Case. The Action and the Motion thus should appropriately be heard by Judge Carey.

3.  PSZYJW therefore requests that the Action and the related Motion be transferred to the Bankruptcy Court and referred to Judge Carey in accordance with 28 U.S.C. § 157(a) and this Court's standing Order In re Referral of Title 11 Proceedings to the United States Bankruptcy Judges for this District, dated September 6, 2001 (the "Standing Order").

### Summary of Facts

4.  On August 24, 2006, PSZYJW commenced the Action, seeking—as a non-party witness—the issuance of a protective order as to that subpoena served upon it by counsel for the plaintiffs (the "Plaintiffs") in the above-captioned civil lawsuit pending in the Middle District of Tennessee on the grounds that same is overbroad, burdensome, oppressive, and patently violative of the attorney-client privilege and work-product exception to discovery.

5.  The Plaintiffs filed a class action lawsuit (the "Litigation") in the Middle District of Tennessee against American Capital Strategies, Ltd. ("ACS") seeking damages for alleged

---

[1] For example, one of the requests if for "All communications, including emails, between the agents, employees and representatives of Service Transport, Inc. and the law firm of PSZYJW relating to the bankruptcy filing of Service Transport, Inc. during the one year period ending on May 13, 2005."

violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et. seq. (the "WARN Act"), relating to the termination of employees of Service Transport, Inc., a subsidiary of S-Tran Holdings, Inc., an entity in which ACS holds an interest. Plaintiffs' employer, Service Transport, Inc., is not a party to the Litigation.

6. Service Transport, Inc., and its parent, S-Tran Holdings, Inc. (together with affiliate Dixie Trucking Company, Inc.), are debtors (the "Debtors") in chapter 11 cases filed on May 13, 2005 (the "Petition Date"), in the Bankruptcy Court, jointly administered under case number 05-11391(KJC), and presently assigned to the Honorable Kevin J. Carey. PSZYJW is bankruptcy counsel for the Debtors and is also not a party to the Litigation.

7. PSZYJW filed the Motion on August 24, 2006, commencing the Action. The Motion argues that the subpoena is overbroad, burdensome, and oppressive, and, as to certain categories of documents requested, also patently seeks documents protected by the attorney-client privilege and work-product exceptions to discovery. The Motion further argues that the Debtors' estates presently lack the liquidity to fund the estimated $52,500 in expenses and attorney and paralegal time required to comply with subpoena and to prepare a privilege log, and such costs should not be required to be borne by PSZYJW, a non-party witness.

## Relief Requested

8. PSZYJW requests that the Action and the Motion be transferred to the Bankruptcy Court and referred to Judge Carey in accordance with 28 U.S.C. § 157(a) the Standing Order.

## Basis for Relief Requested

9.  Pursuant to 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in <u>or related to a case under title 11</u> shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a) (emphasis added). In accordance with section 157(a), this Court has entered the Standing Order, which provides that "the automatic reference of chapter 11 cases to the judges of the United States Bankruptcy Court for the District of Delaware shall be reinstated, pursuant to 28 U.S.C. § 157(a)." (Standing Order ¶ 1).

10. The Standing Order, in reinstating the automatic reference, implicitly refers to and draws upon the earlier orders of this Court broadly implementing the mandatory reference that this Court is permitted to implement under section 157(a). <u>See, e.g.</u>, Order In re Referral of Title 11 Proceedings to the United States Bankruptcy Judges for this District, ¶ 1 (Apr. 6, 2001) ("by Order dated December 15, 2000, all cases under title 11 and any or all proceedings arising under title 11 or arising in <u>or related to</u> a case under title 11 were referred to the bankruptcy judges for this district") (emphasis added); Order In re Referral of Title 11 Proceedings to the United States Bankruptcy Court for this District, as that Court is Defined by 28 U.S.C. § 151, June 13, 1994, ¶ 3 (relying upon the broad language of section 157(a) and ordering that "all proceedings arising under title 11 or arising in <u>or related to</u> a case under title 11 are hereby referred to the bankruptcy judges for this district") (emphasis added).

11. "Related to" jurisdiction is broad and is liberally construed in the Third Circuit. The Third Circuit has held that "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether <u>the outcome of that proceeding could conceivably</u>

have any effect on the estate being administered in bankruptcy." In re Pacor, Inc., 743 F.2d 984, 994 (3rd Cir. 1984) (emphasis in original), overruled on other ground by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995). The Third Circuit further explained: "the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Id. The Pacor test is plainly satisfied in the instant case.

12. As an initial matter, the Action, the Motion, and the discovery sought by the subpoena served by the Plaintiffs are directly related to a claim pending against the Debtors. Certain of the Plaintiffs have asserted a claim under the WARN Act in the Debtors' bankruptcy cases (see Class Proof of Claim on Behalf of Former Employees of Debtors for WARN Act Damages, Bankr. Docket No. 66), and the Debtors have objected to that claim (see Debtors' Objection to Class Proof of Claim on Behalf of Former Employees of Debtors for WARN Act Damages, Bankr. Docket No. 450). Insofar as the operative allegations in the claim filed in the Debtors' cases and the Litigation are the same, the Action is necessarily related to the Debtors' cases under title 11 because the discovery sought by the subpoena in question—if permitted—will also be of use to the Plaintiffs in prosecution of their claim.

13. Moreover, the instant civil action is further related to the Debtors' case under title 11 because the challenged subpoena (a) seeks communications between PSZYJW and certain of the Debtors immediately before and for a period after the Petition Date, (b) will or may result in additional costs and expenses being incurred by the Debtors' estate, and (c) imposes a burden

upon the Debtors by burdening their counsel and by seeking, in part, what is or may be confidential communications between the Debtors and their counsel.

14.  Although PSZYJW was required to file the Motion in this Court because this Court was the source of the subpoena, in the instant context, section 157(a) and the Standing Order plainly contemplate that the Bankruptcy Court is the appropriate venue for decision upon the Motion.

15.  In addition, PSZYJW submits that the Motion is within the "core" jurisdiction of the Bankruptcy Court because it implicates "matters concerning the administration of the estate" and/or is an "other proceeding[] affecting the liquidation of the assets of the estate." 28 U.S.C. § 157(b)(1)(A), (O).

## Conclusion

12.  For the reasons set forth hereinabove, and insofar as this matter is plainly related to the Debtors' bankruptcy cases such that transference to the Bankruptcy Court and referral to

Judge Carey is both contemplated by Section 157(a) and mandated by the Standing Order, good cause exists for this Court to refer this matter and the Motion to Judge Carey.

Dated: August 28, 2006

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

/s/ *signature*

Laura Davis Jones (Bar No. 2436)
Michael R. Seidl (Bar No. 3889)
Sandra G. M. Selzer (Bar No. 4283)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszyjw.com
       mseidl@pszyjw.com
       sselzer@pszyjw.com

Alan J. Kornfeld (CA Bar No. 130063)
Steven J. Kahn (CA Bar No. 76933)
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: (310)277-6910
Facsimile: (310)201-0760
ajk@pszyjw.com
sjk@pszyjw.com

Attorneys for Debtors and Debtors in Possession

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRISTY LAW, QUINCY BULLARD, JOHN HALL, FRANCES PERRY, RITA LEE on behalf of themselves and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN CAPITAL STRATEGIES, LTD.,<br><br>Defendant. | Case No.: 3:05-0836 (Echols)<br>(Middle District of Tennessee)<br>Miscellaneous File Number<br><br>Miscellaneous Action on a Rule 45<br>Subpoena in a Civil Case |

## CERTIFICATE OF SERVICE

I, Michael R. Seidl, hereby certify that on the 28th day of August, 2006, I caused a copy of the following document to be served on the individuals on the attached service list in the manner indicated:

**MOTION FOR TRANSFERAL TO BANKRUPTCY COURT OF MISCELLANEOUS CIVIL ACTION ON A RULE 45 SUBPOENA**

_____
Michael R. Seidl (Bar No. 3889)

**Service Transport – Law v. ACAS**
**Motion for Protective Order List**
**Document No. 120849**
**01 – Hand Delivery**
**02 – Overnight Mail**

*(Hand Delivery)*
Steve Kortanek
Klehr, Harrison, Harvey,
Branzburg & Ellers LLP
919 Market Street
Suite 1000
Wilmington, DE 19801


*(Overnight Mail)*
(Counsel for Kristy Law, Quincy Bullard,
John Hall, Frances Perry and Rita Lee)
Rene Roupinian, Esq.
Lankenau & Miller, LLP
1775 Broadway, Suite 610
New York, NY 10019


*(Overnight Mail)*
(Counsel for American Capital
Strategies, LTD)
David Maria, Esq.
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206